UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:20 CR 24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| KOREY MOODY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i). (ECF #54). The Government filed a Response in Opposition, and Mr. Moody filed a Reply in support of his motion. (ECF #55, 60).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R.

542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). There is no dispute that Mr. Moody has exhausted his administrative remedies under 18 U.S.C. §3582(c)(1)(A). Consequently, this Court has authority to consider his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a). Mr. Moody argues that he qualifies for relief because his circumstances meet the definition of extraordinary and compelling reasons as set forth in the U.S.S.G. policy statement in §1B1.13(b)(1)(A). That section of the United States Sentencing Guidelines provides as follows:

> Extraordinary and Compelling Reasons – Extraordinary and compelling reasons exist under any of the following circumstances or combination thereof:
>
> (1) Medical Circumstances of the Defendant
>
>     (A)    the defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end-of-life trajectory). A specific prognosis of lief expectance (i.e. a probability of death within a specific time period) is not required.

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

> Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. §1B1.13(b)(1)(A). This provision can be applied to support a change in sentence even if the condition or eventual severity of the condition was foreseeable at the time of sentencing. U.S.S.G. §1B1.13(e).

There is no dispute that Mr. Moody is suffering from end-stage kidney disease, and that he has been on dialysis for more than fourteen years. He has undergone dialysis three time per week, four hours a day, since his diagnosis. He continues to receive dialysis while incarcerated. Dialysis requires the insertion of a shunt or port that allows dialysis providers to access his arteries or veins for treatment. These shunts fail over time requiring additional surgeries to implant new shunts so that treatment may be continued. Mr. Moody is currently in need of such a surgery. It is getting more difficult for medical providers to find a usable site for the dialysis port.

Mr. Moody is on a transplant list with the Cleveland Clinic, but has been designated inactive while he is incarcerated. The Clinic moved him to inactive status because "[p]risons usually cannot guarantee that patients can be transported to the transplant center in a short amount of time when an organ becomes available." In addition, while incarcerated a patient may not be able to access the immunosuppressive therapy necessary to prevent organ rejection because it puts them at high risk of infection in the prison setting. Upon release, Mr. Moody claims that he would be re-activated on the list based on the relative severity of his condition compared to other potential recipients.

The government agrees that Mr. Moody has qualifying conditions that are extraordinary and compelling and make him eligible for potential early release. However, even when

-3-

extraordinary and compelling reasons exist, a defendant is not guaranteed early release. He still must show that the he is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g), and early release must satisfy the factors set forth in 18 U.S.C. §3553(a). The relevant statutory considerations under 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(1)-(2). Courts shall also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6).

The nature and circumstances of this case weigh against early release. Mr. Moody and his co-conspirators acted together to distribute dangerous and potentially deadly controlled substances throughout the Youngstown area community. Similar substances resulted in literally thousands of deaths in Ohio in 2023. Mr. Moody also has a long history of drug use and trafficking which has not been curbed by the progression of his kidney disease. He has continued to traffic in controlled substances and has even increased his level of involvement since beginning on dialysis, and there is no reason to believe that he would not be inclined to continue if he were released early. He has never let his disease interfere with his penchant for crime, and

continued to engage in illegal behavior even after serving a prior term of incarceration and receiving dialysis while incarcerated.  He has shown little regard for his own safety let alone the safety of his community.  He knowingly sacrificed his future health and safety by committing these crimes even after he had spent years on dialysis.  Although he may not be able to be on the transplant list, while incarcerated he is receiving the medical care he needs on a routine basis, and has access to dialysis and the necessary surgeries to continue creating new ports for treatment. He has served less than a quarter of his 12 year sentence, which also significantly undermines the seriousness of his offense and prevents him from receiving necessary rehabilitation and training prior to his release.

    Mr. Moody had not established that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with sentencing considerations set forth in 18 U.S.C. §3553(a).  Having considered the record, Mr. Moody's arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED.  (ECF #54).  IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATE: December 10, 2024